UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRETNA CITIZENS FOR BETTER                    CIVIL ACTION
GOVERNMENT, *ET AL.*

VERSUS                                        NO: 09-4458

THE CITY OF GRETNA, *ET AL.*                  SECTION: R(3)


## **ORDER**

Plaintiffs filed this voting rights case on July 21, 2009, alleging claims under Sections 2 and 5 of the Voting Rights Act of 1965, and the Voting Rights Amendments of 1982, 42 U.S.C. § 1973, 42 U.S.C. § 1983, and the Fourteenth and Fifteenth Amendments to the United States Constitution.  Plaintiffs specifically allege that: (1) the City of Gretna annexed the Timberlane subdivision, Precincts 233 and 235, without the preclearance required by Section 5 of the Voting Rights Act; (2) the Timberlane subdivision annexation is retrogressive in violation of Section 5 of the Voting Rights Act; (3) the current form of government employed by the City of Gretna dilutes

minority voting strength in violation of Section 2 of the Voting Rights Act; and (4) the City of Gretna's redistricting plan adopted pursuant to its annexation plan, if given effect, would violate the Equal Protection Clause of the Fourteenth Amendment. (*See* R. Doc. 1).  Before the Court is the parties' joint motion to stay the current proceedings, pending the outcome of the Attorney General's Section 5 review.  (R. Doc. 13.)  The parties assert that the following reasons justify a stay:

1.   Defendant, the City of Gretna, submitted an application for Section 5 preclearance to the Attorney General of the United States, as required by 42 U.S.C. § 1973c, on June 17, 2009.

2.   If the Attorney General does not issue its response to the City of Gretna's Section 5 preclearance application by August 7, 2009, municipal elections will not occur until March 27, 2010.

3.   The sixty-day period for the Attorney General's response to the City of Gretna's Section 5 application does not expire until August 17, 2009.

4.   The Attorney General's resolution of the City of Gretna's Section 5 application may be dispositive of plaintiffs' Section 5 claim and eliminate the need to convene a three-judge court under 42 U.S.C. 1973c.

In the interests of judicial economy, and the parties' joint request, the Court finds a short stay appropriate. The parties have requested that the Court stay proceedings until September 16, 2009, but have not explained why a full month from the expiration of the Attorney General's response period is required. The Court GRANTS the parties' motion and STAYS this matter until September 1, 2009.

New Orleans, Louisiana, this 6th day of August, 2009.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE